MEMORANDUM **
Nisar Mohammad, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals’ decision summarily affirming an Immigration *719 Judge’s (“IJ”) denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture (“CAT”).
We lack jurisdiction to review the IJ’s determination that Mohammad did not meet the one-year deadline and did not qualify for an exception to the deadline for filing his asylum application. See Ramadan v. Gonzales, 427 F.3d 1218, 1221-22 (9th Cir.2005).
We have jurisdiction over Mohammad’s remaining claims under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ’s decision unless the evidence compels a contrary conclusion. Malhi v. INS, 336 F.3d 989, 992-93 (9th Cir.2003).
Substantial evidence supports the IJ’s denial of Mohammad’s withholding of removal claim based on an adverse credibility finding. Mohammad’s use of false documentation to leave the United States to visit Pakistan goes to the heart of his claim, and undermines his alleged fear of return. See Desta v. Ashcroft, 365 F.3d 741, 745 (9th Cir.2004) (concluding that fraudulent documents going to the heart of the claim may justify adverse credibility finding). Mohammad’s omission of his 1977 arrest on his asylum application also supports the adverse credibility finding. See Li v. Ashcroft, 378 F.3d 959, 962-63 (9th Cir.2004).
Because Mohammad’s claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its determination under CAT, his CAT claim also fails. See Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir.2003).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.